**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| KIMBERLY KEITH, | ) | NO. ED CV 07-1248-E |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) | **AND ORDER OF REMAND** |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on October 2, 2007, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on July 25, 2008. Plaintiff filed a motion for summary judgment on June 25, 2008.

Defendant filed a motion for summary judgment on July 24, 2008. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed May 14, 2008.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability since 2003 based on alleged physical and psychological impairments (Administrative Record ("A.R.") 65-80, 162-281). In February of 2007, a treating physician diagnosed depression and assessed Plaintiff's Global Assessment of Functioning ("GAF") at 50 (A.R. 249). In May of 2007, Plaintiff testified to depressive symptoms of disabling severity (A.R. 268-81).

An Administrative Law Judge ("ALJ") found Plaintiff's subjective allegations insufficiently substantiated by medical evidence (A.R. 20-24). The ALJ's decision discusses certain treatment records, but fails to mention the GAF assessed by the treating physician (A.R. 16-24). The ALJ did not order a consultative psychiatric examination of Plaintiff. The ALJ essentially found that Plaintiff's depression did not diminish in any manner Plaintiff's residual functional capacity, a capacity that assertedly includes the ability to perform Plaintiff's past relevant work (A.R. 19-23). The Appeals Council denied review (A.R. 4-6).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's

2

findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

As discussed below, the ALJ erred in failing to develop more fully the medical record regarding Plaintiff's depression. Remand is appropriate.

"[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). "[I]n cases of mental impairments, this duty is especially important." DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991). In the present case, the ALJ found "severe" depression, but also found the depression not disabling and deemed Plaintiff's contrary testimony not credible. The ALJ made these findings on a sparse medical record and without ordering a consultative psychiatric examination of Plaintiff. This was error. See id.; see also 20 C.F.R. § 404.1529(b) (Administration must develop evidence regarding the possibility of a medically determinable mental impairment where information suggests the existence of such an impairment and Plaintiff alleges excess subjective symptomatology); Crawford v. Callahan, 1998 WL 199865 *3 (E.D.N.Y. Mar. 24, 1998) (claimant's assertion of excess subjective symptomatology, plus evidence of a mental disorder, should have caused the ALJ to order a consultative psychiatric examination of the claimant).

The ALJ's error in failing to develop the record more fully may have been material. A treating physician assessed Plaintiff's GAF at 50. "A GAF between 41 and 50 indicates serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Morgan v. Commissioner, 169 F.3d 595, 598 n.1 (9th Cir. 1999). A marriage and family therapist intern characterized Plaintiff's insight and judgment as "poor."[1] Given this evidence, absent other evidence such as expert medical opinion, the ALJ could not properly determine that Plaintiff's depression has had essentially no impact on residual functional capacity. An ALJ may not take administrative notice of medical matters. See Rohan v. Chater, 98 F.3d 966, 970-71 (7th Cir. 1996) (ALJ improperly substituted his own judgment for that of medical witnesses on the issue of the plaintiff's depression); Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1995) ("By independently reviewing and interpreting the laboratory reports, the ALJ impermissibly substituted his own judgment for that of a physician; an ALJ is not free to set his own expertise against that of a physician who presents competent evidence); Nelms v. Gardner, 386 F.2d 971, 973 (6th Cir. 1967); see also Nelsen v. Barnhart, 2003 WL 297738 (N.D. Cal. Feb. 4,

---

[1] Although a marriage and family therapist may not be an "acceptable medical source" within the meaning of 20 C.F.R. section 404.1513, the ALJ still must consider such evidence. SSR 95-5p (In all cases in which a claimant alleges pain or "other symptoms," "the determination or decision rationale must contain a thorough discussion and analysis of the objective medical and the other evidence . . ."); cf. 20 C.F.R. § 404.1513(e) ("Information from other sources may also help us to understand how your impairment affects your ability to work. Other sources include . . . observations by non-medical sources; and other practitioners . . .").

4

2003).

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).

The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not compel a reversal rather than a remand of the present case. In Harman, the Ninth Circuit stated that improperly rejected medical opinion evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Harman at 1178 (citations and quotations omitted). Assuming, arguendo, the Harman holding survives the Supreme Court's decision in INS v. Ventura, 537 U.S. 12, 16 (2002),[2] the Harman holding does not direct reversal of the present case. Outstanding issues still must be

---

[2] The Ninth Circuit has continued to apply Harman, despite INS v. Ventura. See Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

5

resolved before a determination of disability can be made. Further, it is not clear from the record that the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability were the opinion of the treating physician credited.

**CONCLUSION**

For all of the foregoing reasons,[3] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 29, 2008.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court has not reached any of the other issues raised by Plaintiff, except insofar as to determine that reversal for immediate payment of benefits would be inappropriate.

6